

# THE ATTORNEY GENERAL
## OF TEXAS

July 8, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Michael S. Line
Scurry County Attorney
Courthouse
Snyder, Texas    79549

Opinion No. JM-741

Re: Authority of a commissioners court to appoint as county clerk an individual who is first cousin of a county commissioner

Dear Mr. Line:

You ask whether the commissioners court may appoint a first cousin of a county commissioner to fill an unexpired term as county clerk. The minutes of the commissioners court reflect that the appointment was for "acting county clerk until the next general election." You state that the commissioner who is related to the appointee abstained from voting on the appointment. Information furnished by you also reflects that the appointee has served the past ten years as chief deputy county clerk.

Prior to the appointment of a county clerk, the chief deputy may carry out the clerk's duties. If an individual is appointed "acting" county clerk, however, she acts, for all purposes, in the capacity of county clerk.

Article 5996a, V.T.C.S., provides:

No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or

> from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of one (1) year prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree. . . .

We believe that Attorney General Opinion JM-253 (1984) addresses the questions you have raised. It states:

> First cousins are related within the second degree by consanguinity. See Attorney General Opinions 0-6221 (1944); 0-4670 (1942).

> The county tax assessor-collector holds an elective office. Tex. Const. art. VIII, §§14, 16, 16a; Tax Code §6.21. Thus, ordinarily the tax assessor-collector would be elected by the people and not appointed by the commissioners court. The court, however, is statutorily authorized to fill a vacancy in this office until the next general election. V.T.C.S. art. 2355.

> Article 5996a, V.T.C.S., bars the commissioners court from appointing the first cousin of a commissioner to any office or employment. Attorney General Opinions 0-5452 (1943); 0-4987 (1942); see also Attorney General Opinion 0-4670 (1942). The statute prevents any member of the commissioners court from voting for

>> any person related within the second degree by affinity . . . to the person so appointing or so voting, or to any other member of any such board. . . . (Emphasis added).

> V.T.C.S. art. 5996a. Thus, none of the commissioners may vote to appoint the first cousin of a commissioner to the vacant office of tax assessor-collector. See Attorney General Opinion 0-3016 (1941).

> You raise the exception to article 5996a, V.T.C.S., for a person employed by a governing board for two years continuously prior to the election of his relative to that board and suggest it may apply in this case. It is irrelevant to the problem before us. The tax assessor-collector appoints his deputies; the commissioners court cannot control or influence his selection of individuals for that post. V.T.C.S. art. 3902; Attorney General Opinions H-993 (1977); H-697 (1975); O-6221 (1944). The deputy tax assessor was never appointed by the commissioners court. She therefore does not come within the two-year proviso of article 5996a, V.T.C.S.

Article 5996a prohibits the commissioners court from appointing the first cousin of a commissioner to any office or employment. Such factors as the related commissioner abstaining from voting on the appointment or the appointee holding the position of chief deputy in the office in which the vacancy occurred fail to bring the appointment within the exception contained in article 5996a.

We have reviewed Senate Bill No. 933 passed by both the Senate and House in the regular session of the Seventieth Legislature which has recently concluded. This bill would amend certain provisions of article 5996a, but, it would not affect the validity of Attorney General Opinion JM-253 (1984) or the conclusion we have reached herein. We note that until there is a valid appointment, the formerly elected county clerk continues to hold the office pursuant to article 1617, V.T.C.S., notwithstanding her resignation.

## SUMMARY

> The county commissioners court may not appoint the first cousin of a county commissioner to fill an unexpired term as acting county clerk.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General